IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2018

## LAWRENCE BENJAMIN DAVENPORT v. DENISE MICHELLE DAVENPORT

**Appeal from the Circuit Court for Shelby County**
**No. CT-005136-13      Robert S. Weiss, Judge**

_____

### No. W2017-01376-COA-R3-CV
_____

In this divorce action, the mother appeals the trial court's permanent parenting plan order, which designated the father as primary residential parent of the parties' child and awarded him 280 days of annual residential co-parenting time. Having determined that the order appealed from does not adjudicate all of the claims between the parties and is therefore not a final order, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Pamela Williams Kelly, Memphis, Tennessee, for the appellant, Denise Michelle Davenport.[1]

### MEMORANDUM OPINION[2]

_____

[1] Despite this Court's entry of an order on March 21, 2018, directing Mr. Davenport to show cause why this matter should not be submitted for decision on the record and the appellant's brief, Mr. Davenport failed to file a brief. Accordingly, this case was submitted for decision on the record and the appellant's brief.

[2] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Lawrence Benjamin Davenport ("Father") filed the instant divorce action on December 3, 2013, in the Shelby County Circuit Court ("trial court") against Denise Michelle Davenport ("Mother"). In his complaint, Father averred that he should be granted a divorce and also that he should be named primary residential parent of the parties' minor child. Father further requested that the trial court adjudicate the parties' marital property rights and parenting responsibilities, set child support in accordance with the Tennessee Child Support Guidelines, and award him alimony and attorney's fees. Mother filed an answer and counter-complaint on December 11, 2013, wherein she denied Father's allegations of marital fault and averred that she should be awarded a divorce and designated as primary residential parent of the child. Mother likewise asked the court for an award of alimony, an adjudication of marital property rights and co-parenting responsibilities, and an award of attorney's fees.

Following the filing of two motions seeking awards of alimony and child support *pendente lite*, the trial court entered an order on October 20, 2014, awarding to Mother monthly child support in the amount of $1,431. The court also found Mother to be the economically disadvantaged spouse and awarded her transitional alimony in the amount of $2,000 per month. The court calculated Father's arrearages regarding these obligations and set monthly payment amounts to be paid toward said arrearages. The court further awarded to Mother a portion of her attorney's fees incurred.

Following this order, each party filed numerous petitions and motions alleging contemptuous behavior by the other. Mother frequently claimed that Father was not paying his spousal and child support obligations in a timely manner while Father claimed that Mother was not allowing him co-parenting time with the child. At some point during these proceedings, Father relocated his residence to New Jersey.

On July 16, 2015, Father filed a petition seeking designation as primary residential parent of the child and requesting the trial court's permission to relocate the child's residence to New Jersey. Father averred in the petition that Mother had not allowed him adequate co-parenting time or contact with the child. Meanwhile, Mother continued to allege that Father was guilty of contempt due to his failure to pay all court-ordered obligations.

On November 6, 2015, Father's mother was permitted to intervene in the action in order to assert her rights or interest in certain real property titled to the parties. The trial court conducted a trial in this matter during three non-consecutive days in November and December 2015.

Following the trial and the filing of additional petitions by the parties, the trial court entered a permanent parenting plan order on June 8, 2017, designating Father as

primary residential parent of the child and awarding to Father 280 days of annual co-parenting time. Mother filed a notice of appeal regarding this order on July 6, 2017.[3]

On August 29, 2017, Father filed a "Motion for Final Ruling, Findings of Fact and Conclusions of Law," wherein Father requested adjudication of the remaining issues raised, including an award of divorce to one or both parties; equitable distribution of the parties' marital property; an award of child support; and resolution of issues regarding alimony, support arrearages, and attorney's fees. Despite Father's motion, no further orders appear in the appellate record before us. On November 3, 2017, Mother filed a statement of the evidence.

Following our thorough review of the record, we determine that although Mother filed her notice of appeal from the trial court's entry of a permanent parenting plan order on June 8, 2017, that order did not adjudicate all of the claims between the parties, as Father's subsequent motion points out.[4] We note that an order that does not adjudicate all of the claims between all of the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997))). Furthermore, the trial court did not certify the June 8, 2017 order at issue here as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.[5]

Inasmuch as this appeal was taken from an order that was not final, this Court lacks subject matter jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or

---

[3] Although Mother's notice of appeal states that she is appealing from an order entered on June 6, 2017, the respective order contained in the record is the permanent parenting plan order dated June 8, 2017.

[4] Mother also ostensibly concedes this point in her appellate brief and her statement of the evidence.

[5] Tennessee Rule of Civil Procedure 54.02 provides in pertinent part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

by statute, appellate courts have jurisdiction over final judgments only.").  Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered.  This case is remanded to the trial court for further proceedings consistent with this opinion.  Costs on appeal are taxed to the appellant, Denise Michelle Davenport.

_____
THOMAS R. FRIERSON, II, JUDGE